NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KUAN MUHAMMAD | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 03-cv-2513 (DMC) |
| LYDELL SHERRER, et al., | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Lydell Sherrer ("Sherrer"), Bruce Hauck ("Hauck"), Alfaro Ortiz ("Ortiz"), Rodolfo Ortiz[1] ("Sgt. Rodolfo Ortiz"), Craig Conway ("Conway"), Angel Santiago ("Santiago" or "Sgt. Santiago"), John Antinoro ("Antinoro") (collectively "Defendants") for summary judgment. Plaintiff filed no opposition to Defendants' motion. Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the Defendants' submissions, and based upon the following, it is the finding of this Court that Defendants' motion for summary judgment is **granted**.

I. **BACKGROUND**

Plaintiff is an inmate at South Woods State Prison, serving a forty-year sentence with a twenty-year parole disqualifier for manslaughter. On or about May 27, 2003, Plaintiff initiated the instant action, seeking relief pursuant to 42 U.S.C. § 1983. In granting Plaintiff's application to proceed *in forma pauperis*, this Court allowed Plaintiff to proceed against Defendants on his free

---

[1] Defendant Rodolfo Ortiz is identified in the Complaint as Sgt. Ortiz.

exercise of religion and harassment claims. The Court dismissed Plaintiff's remaining claims pursuant to 28 U.S.C. §§ 1915(a) and (b), 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. On October 19, 2004, the Court dismissed Plaintiff's religious freedom claims due to his failure to exhaust administrative remedies.

Plaintiff's only surviving claim is his Eighth Amendment claim. Specifically, Plaintiff claims that his right to be free from cruel and unusual punishment was violated due to the continuing pattern of harassment he endured at the hands of the State Defendants while incarcerated at the Northern State Prison in Newark, New Jersey. Plaintiff asserts that he was verbally abused and degraded, that his property was destroyed, and that he was denied visits.

### A.   Ortiz Defendants

Plaintiff claims that he was directly harassed by Defendants Alfaro Ortiz and Rodolfo Ortiz. Additionally, Plaintiff claims that the remaining Defendants were aware of the harassment but were deliberately indifferent to it. Plaintiff alleges that he was threatened with bodily harm and was harassed by Sgt. Rodolfo Ortiz, claiming that Sgt. Rodolfo Ortiz deprived him of property by confiscating his medical books. See Defs. Ex. A at DOC16; Pl. Dep. 57:18-59:6. Plaintiff also alleges that Sgt. Rodolfo Ortiz broke his television and radio. See Pl. Dep. 57:18-59:6.

On July 27, 2002, Plaintiff filed an Inmate Request Form complaining about supposed verbal harassment by Sgt. Rodolfo Ortiz unrelated to the above incidents. See Defs. Ex. A at DOC74. Plaintiff was told that corrective action was taken and his concerns would be looked into. Id. Thereafter, he filed no other complaints regarding Sgt. Rodolfo Ortiz.

Plaintiff alleges that Defendant Alfaro Ortiz ordered nonparty Lieutenant Chasey to break into the locker of Islamic Chaplain, Iman Musa, and to take Plaintiff's religious medallion. See

Defs. Ex. A at DOC15. Plaintiff was given a receipt for the medallion and did not file a claim when it was subsequently lost, instead electing to purchase a new one. See Pl. Dep. 23:18-22; Defs. Ex A at DOC 69.

Plaintiff also alleges that Defendant Alfaro Ortiz told nonparty Lieutenant Keith Williams to put Plaintiff "on ice." See Pl. Dep. 23:18-22. Plaintiff claims that as a result of this, he was placed in the Security Threat Group Management Unit ("STGMU[2]").

### B. Defendants Santiago and Antinoro

Plaintiff alleges that Defendant Angel Santiago, as Assistant Superintendent in charge of the STGMU program, is responsible for the alleged violation of Plaintiff's rights because he "could have released" him from STGMU. See Pl. Dep. 26:4-9. Santiago, however, never personally or directly harassed Plaintiff. See Pl. Dep. 23:18-22. Plaintiff also names Defendant Antinoro because Antinoro escorted him to the gang unit. See Pl. Dep. 23:18-22. Plaintiff makes no other claims against Antinoro.

### C. Other Defendants

Plaintiff's only claims against the other Defendants are based on the theory that they had knowledge of the alleged violation of his rights and took no action. See Compl. at 21; 84 *et seq.*; Pl. Dep. 67:2-9; 19:8-13. None of the allegations set forth below are linked to any specific Defendant.

On January 15, 2002, Plaintiff's fan was seized, and he was given a receipt. See Defs. Ex. A at DOC72. Thereafter, the fan was replaced with a nine-inch fan from the commissary. See Defs. Ex. A at DOC80.

---

[2]STGMU houses members of recognized Security Threat Groups, or prison gangs. It is sometimes referred to as the "gang unit."

Plaintiff also claims, though he does not attribute it to any specific Defendant, that he was harassed when his cell was sealed with silicone, causing him to be overcome by fumes.  See Defs. Ex. A at DOC16, DOC30-32; Pl. Dep. 60:18-61:3.  Plaintiff acknowledges that his cell was leaking at the time it was sealed.  See Pl. Dep. 60:20-21.  He also claims that Defendant Alfaro Ortiz ordered that Plaintiff be put back in the cell after he was returned from the infirmary.  See Pl. Dep. 61:4-6.  Plaintiff refused to return to his cell and submitted a remedy form which was subsequently answered by the administration.  See Pl. Dep. 61:23-25; Defs. Ex. A at DOC78.  As a result of Plaintiff's exposure to the silicone in his cell, he allegedly suffered stress, unconsciousness, weakness, migraine headaches, dizziness, and an upset stomach.  See Defs. Ex. A at DOC32-33.  However, in his notice of tort claim, filed April 27, 2003, Plaintiff does not attribute his condition to any specific Defendants.  See Defs. Ex. A at DOC33.

Plaintiff also claims that he was denied visits on at least one occasion.  See Pl. Dep. 55:20-56:9.  Plaintiff filed an administrative remedy form concerning this problem, and it was rectified to Plaintiff's satisfaction.  See Defs. Ex. A at DOC77.  Relatedly, Plaintiff claims that he was harassed when a letter from his sister was altered by scratching out "soon" in "write back soon" and replaced with "not soon."  An administrative remedy form was filed on April 3, 2004, over a year after the filing of the instant lawsuit, and the matter was referred to SID for investigation.  See Defs. Ex. A at DOC76.

### D. Damages

Plaintiff claims that as a result of the alleged harassment, he suffered stress, headaches, mental anguish, he was degraded and disrespected, and that his property was damaged.  See Pl. Dep.

86:7-15.  Plaintiff also asserts that he suffered high blood pressure as a result of these incidents but that it is now back to normal.  See Pl. Dep. 86:10-13.  Finally, Plaintiff claims he was "knocked out" by the silicone fumes in his cell.  Id.

## II.	STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that there is no genuine issue of fact.  Id.  "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party."  Id.  The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor.  Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## III.	DISCUSSION

### A.	Eighth Amendment Claims

The Eighth Amendment prohibition of "cruel and unusual" punishment protects prisoners against calculated harassment.  Hudson v. Palmer, 468 U.S. 517, 530 (1984).  The determination of whether an individual has suffered "cruel and unusual punishment" includes both a subjective and objective component.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  First, as to the objective component, the Court must determine whether the claimed deprivation of a basic human need is

sufficiently serious. Id. Second, the subjective component requires the Court to determine whether the officials acted with a sufficiently capable state of mind. Id.

"Intentional harassment of even the most hardened criminals cannot be tolerated by a civilized society." Hudson, 468 U.S. at 528. Generally, however, mere verbal harassment does not give rise to a constitutional violation. See Johnson v. Pacholski, No. 07-633, 2007 WL 1751745, *8 (D.N.J. June 14, 2007) (citing *inter alia* McBride v. Deer, 240 F.2d 1287, 1291 n.3 (10th Cir. 2001), Rivera v. Goord, 119 F. Supp. 2d 327, 342 (S.D.N.Y. 2000)) (all for the proposition that verbal harassment does not give rise to a constitutional violation); Bartelli v. Jones, No. 06-1326, 2007 WL 1113365, *2 n.1 (3d Cir. Apr. 16, 2007) (citing Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987)); Askew v. Jones, 160 Fed. Appx. 140, 143 (3d Cir. 2005).

In this case, Plaintiff alleges that he was verbally threatened and demeaned by Sgt. Rodolfo Ortiz and that his mail was altered. Plaintiff's resulting "damages" - that he suffered stress, headaches, mental anguish and lost visits - do not sufficiently state a claim pursuant to the Eighth Amendment. Even when viewed cumulatively, these minor incidents of alleged harassment do not rise to the level of a constitutional violation. Prisoners' claims that corrections officials have subjected them to "humiliation, mental anguish, stress and emotional harm do not by themselves state a cognizable § 1983 claim." Sergio v. Doe, 769 F. Supp. 164, 166 (E.D. Pa. 1991). Here, Plaintiff does not claim any physical injury resulting from the alleged threats, harassment, or verbal abuse. Thus, Plaintiff's allegations of verbal abuse do not rise to the level of a constitutional violation because mental anguish and headaches are not sufficient to state a claim pursuant to the Eighth Amendment.

Plaintiff's claims regarding damage to his property are also insufficient grounds for obtaining relief pursuant to the Eighth Amendment. Plaintiff alleges that his medical books, television, radio and religious medallion were all confiscated or destroyed. See Defs. Ex. A at DOC16, DOC72; Pl. Dep. 57:18-59:6, 70:25-71:17. However, Plaintiff offers no evidence to show that these acts were either unwarranted or intentional. Even an intentional destruction of property is not sufficient to support an Eighth Amendment claim provided there is an adequate post-deprivation remedy. Hudson, 468 U.S. 517. In this case, Plaintiff could have filed a remedy form to seek repair or replacement of his damaged property; however, he did not avail himself of this post-deprivation remedy. Similarly, Plaintiff elected to replace his medallion at his own expense, rather than file a claim for its loss. See Pl. Dep. 70:25-71:17. Plaintiff did not file any administrative remedy forms regarding the supposed confiscation of his medical books, nor did he mention their confiscation during his deposition. When Plaintiff's fan was taken, he was given, and accepted a smaller fan from the commissary as a replacement. See Defs. Ex. A at DOC80. Accordingly, it is the finding of this Court that the aforementioned claims of property destruction do not rise to the level of a constitutional violation.

Plaintiff's claim that he was improperly placed in a cell with silicone fumes, even if true, amounts to mere negligence, at most. Further, Plaintiff has offered nothing to establish that there was an improper motive for this incident. In fact, Plaintiff acknowledges that his cell was leaking at the time it was sealed. See Pl. Dep. 60:20-21; Defs. Ex. A at DOC31. His only claim is that the wrong kind of silicone was used to seal the leak, which would amount to, at most, mere negligence. Such negligence is insufficient to support an Eighth Amendment claim. See Wilson, 501 U.S. at

305. Moreover, Plaintiff's claim that Defendant Alfaro Ortiz ordered that Plaintiff be put back in his cell with the silicone fumes does not provide grounds for relief because Plaintiff refused to return to the cell and thus was not exposed to any more fumes. See Pl. Dep. 61:23-25. Furthermore, Plaintiff submitted a remedy form which was answered by the administration, thereby indicating that the administration was not indifferent to any alleged violation of Plaintiff's rights. See Defs. Ex. A DOC78.

Finally, Plaintiff's complaints about the alteration to his mail and denial of visits are not grounds for relief pursuant to the Eighth Amendment because these grievances were addressed through the prison's administrative remedy process. See Defs. Ex. A DOC77, DOC76.

These incidents of harassment and alleged damages do not satisfy either the objective or subjective components of the Eighth Amendment analysis: the deprivation of Plaintiff's basic human rights was not sufficiently serious nor did Defendants act with a adequately culpable state of mind. See Wilson, 501 U.S. at 298.

### B.   Mental Anguish Claims Pursuant to Prison Litigation Reform Act

Pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), mental anguish and emotional injuries alone are not sufficient to state a § 1983 claim. Indeed, even *de minimis* physical injury is insufficient to support a claim pursuant to § 1997e(e). Specifically, section 1997e(e), entitled "Limitation on recovery," provides

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

This section "predicates a prisoner's claim for mental or emotional injury suffered while in custody

on a showing of accompanying physical injury." Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003). Moreover, the injury must be more than *de minimis*. Id.

In this case, Plaintiff's *de minimis* physical injuries do not meet this threshold requirement. Plaintiff's sole allegation of physical injury is his assertion that he was overcome by silicone fumes in his cell and that as a result he suffered high blood pressure. Plaintiff offers no medical evidence or expert witness testimony to support his allegations that the repair work in his cell caused the symptoms of which he complains. However, even if these allegations are capable of being proven true, the injuries were temporary and *de minimis*. Plaintiff's injuries are no more severe than those in cases where courts have found the claimed injury to be *de minimis*. See e.g., Canell v. Multnomah County, 141 F. Supp.2d 1046 (D.Or. 2001) (toe fungus); Sarro v. Essex Corr. Facility, 84 F. Supp. 2d 175 (D.Mass. 2000) (inmate not "breathing normally"); Long v. Hatt, 979 F. Supp. 481 (D.Tex. 1997) (cuts and bruises lasting two to three days). Thus, these injuries do not meet the § 1997e(e) threshold and his claim must be dismissed.

### C.  Personal Involvement of Defendants

Plaintiff's claims regarding his placement in STGMU also fail because he does not identify any personal involvement on the part of Defendants relating to this placement. As stated above, only Defendants Santiago and Antinoro are identified as having *any* involvement in Plaintiff's placement in the STGMU. However, Plaintiff fails to state that either Santiago or Antinoro personally harassed him. This lack of personal involvement in the alleged harassment is sufficient grounds to find that dismissal is appropriate as to the claims based on Plaintiff's placement in STGMU. See Bobko v. Lavan, 157 Fed. Appx. 516, 518 (3d Cir. 2005) (holding that in order for liability to attach in a civil

rights action, the official involved must have had personal involvement with the alleged violation); Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).  Additionally, Defendant Santiago may not be held liable solely under a respondeat superior theory without any proof of more personal involvement.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants' motion for summary judgment is **granted**.  An appropriate Order accompanies this Opinion.


                                                    S/ Dennis M. Cavanaugh
                                                    Dennis M. Cavanaugh, U.S.D.J.

Date:          July  9 , 2007
Orig.:         Clerk
cc:            Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File